(1 App. Div. 212.)

## SHIPHERD v. CROWELL.

(Supreme Court, Appellate Division, Second Department. February 4, 1896.)

STIPULATION—RIGHTS OF PARTIES.

Defendant, who had pending two actions,—one against his wife for divorce, the other against plaintiff for alienating her affections,—made a stipulation with plaintiff, providing for discontinuance of the action against plaintiff, and that all letters written by plaintiff which were the subject in part of the two actions should, within three days after judgment in, or discontinuance of, the divorce suit, be surrendered to plaintiff. *Held* that, the divorce suit not having been discontinued, or judgment rendered therein, plaintiff could not compel surrender of the letters, though he made the stipulation on the assurance of defendant's attorneys that the suit would be brought to immediate trial, and though such suit was not brought in good faith, and no attempt had been made in good faith to bring it to trial, and though defendant's possession of the letters was unlawfully acquired in the first instance.

Appeal from special term.

Action by Jacob R. Shipherd against Charles B. Crowell. From a judgment for defendant, entered on a decision dismissing the complaint on plaintiff's opening, plaintiff appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, BARTLETT, and HATCH, JJ.

D. C. Calvin, for appellant.

McKoon & Luckey, for respondent.

BARTLETT, J. This is a suit in equity, the main purpose of which was to prevent the defendant from prosecuting a pending action for divorce against his wife, so far as that action involved any charges of misconduct against the plaintiff herein, and also to secure the surrender to the plaintiff of certain letters written by him, which the defendant, Charles B. Crowell, intended to use in his divorce suit against his wife. The complaint shows that Mr. Crowell had sued Mr. Shipherd for alienating Mrs. Crowell's affections, in an action which was pending at the same time as the divorce suit, already mentioned. Before the causes were reached for trial the parties entered into a stipulation, which provided, among other things, for the discontinuance of the suit which Mr. Crowell had brought against Mr. Shipherd, and contained the following paragraph in regard to the letters to which reference has already been made: "All letters written by defendant, Shipherd, together with any wrappers containing them, which are the subject in part of the actions of Crowell v. Crowell and Crowell v. Shipherd, after the trial of the case of Crowell v. Crowell, shall be thereafter destroyed, in the presence of the attorneys for the parties, and all such letters, etc., shall be produced for such purpose." This provision was subsequently modified, so as to require the letters, instead of being destroyed, to be delivered to Mr. Shipherd or his attorney within three days after judgment in the divorce suit of Crowell v. Crowell, or within three days after the discontinuance of that suit, if it should be discontinued. The plaintiff's alleged grievance in the present case is that the Crowell divorce suit was not brought in good faith, and that no attempt has

been made in good faith to bring it to trial; that the attorneys for Mr. Crowell have been persistently publishing, through the newspapers and otherwise, false and injurious statements concerning him and Mrs. Crowell; that, when he consented to the stipulation concerning the letters, he did so only upon the assurance of the attorneys for Mr. Crowell that the divorce suit would be brought to immediate trial and that his letters would be immediately surrendered. All these statements, however, if true, do not give plaintiff any cause of action for such relief as he seeks in the case at bar. His rights must be measured by the stipulation into which he entered, and that, so far as its contents are disclosed in the complaint, contains no provision binding Mr. Crowell or his attorneys to bring the divorce suit to trial at any particular time. So far as Mr. Shipherd's letters are concerned, the necessary implication, from the language used in the stipulation, is that they are to remain in the hands of Mr. Crowell until the lapse of three days after the final disposition of the action for divorce. In view of this portion of the agreement, it is of no importance whether it be true or not, as alleged in the thirteenth subdivision of the complaint, that Mr. Crowell's possession of those letters was unlawfully acquired in the first instance. His right to retain them was recognized by the stipulation. The complaint was properly dismissed, and the judgment appealed from should be affirmed, with costs. All concur.